

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

TRISH M. BROWN
BANKRUPTCY JUDGE

1001 S.W. FIFTH AVENUE, # 700
PORTLAND, OREGON 97204
(503) 326-1592

NANCY C. ANTAL
LAW CLERK

SUZANNE M. MARX
JUDICIAL ASSISTANT

May 1, 2013

Mark A. Sherman
Attorney at Law
P. O. Box 483
McMinnville, OR 97128

David B. Gray
Swensen & Gray
5911 SE 43rd Avenue
Portland, OR 97206

        Re:    In re Wendell R. Trivelpiece and Patsy J. Trivelpiece
               Case No. 10-34781-tmb13

Gentlemen:

       This matter came before the court on the debtors' objection to an amended proof of claim filed by John Deere Construction and Forestry Company ("John Deere") in the amount of $61,213.23. The court having reviewed the records and files herein and being fully advised in the matter makes the following findings:

       1. Debtors filed a voluntary Chapter 13 petition on May 25, 2010.

       2. On June 9, 2010, John Deere filed a timely proof of claim in the amount of $102,753.42. The proof of claim indicated that the claim was fully secured.

       3. On June 14, 2010, John Deere filed a motion for relief from stay to allow it to foreclose on its collateral. In that motion, John Deere alleged that it was owed $102,804.39 and that its collateral had a value of $103,000.00.

       4. On June 28, 2010, Debtors filed a response to John Deere's motion for relief from stay in which they asserted that the collateral securing their obligation to John Deere had a value "in excess of $130,000." They asserted that John Deere had "an equity cushion in the neighborhood of $30,000 and is adequately protected. The response also said that "[t]he chapter 13 plan will provide for full payment of the debt to Creditor."

5. On July 1, 2010, Debtor filed their schedules and Statement of Financial Affairs. They scheduled John Deere as a fully secured creditor with a claim in the amount of $102,753.00.

6. On August 5, 2010, the court entered an order confirming Debtors' chapter 13 plan. The plan provided for payment in full of the obligation owed to John Deere in the amount of $102,804 via monthly payments of $300 together with an annual payment of $10,000 due in November of each year. The order confirming the plan stated the best interest of creditors number as $263,562.00. John Deere withdrew its motion for relief from stay following confirmation of the Debtors' plan.

7. On February 2, 2012, John Deere filed a Motion to Dismiss Debtors' bankruptcy case due to their failure to make the $10,000 annual payment due in November 2011. Debtors filed a response in which they conceded the default, but contended that the combined value of John Deere's collateral was $130,000, providing it with adequate protection for its claim.

8. Following a hearing on March 7, 2012, John Deere withdrew its Motion to Dismiss and Debtors agreed to grant John Deere relief from stay to foreclose on its collateral.

9. On February 28, 2013, John Deere filed an amended proof of claim in the amount of $61,213.23 consisting of the deficiency left owing on its claim following the sale of its collateral. The proof of claim was amended on March 8, 2013, to reflect the payments made to John Deere by the Chapter 13 Trustee. The deficiency amount listed was $61,213.23 (Claim 1-4).

10. Debtors filed an objection to John Deere's claims 1-2 and 1-3 on March 19, 2013. I will treat this as an objection to Claim 1-4 as well.

Debtors contend that because John Deere failed to reserve its right to amend its claim to include an unsecured amount in the event of a foreclosure and deficiency it was barred from so doing. In support of this contention, Debtors cited "In re George, 426 B.R. 895 (Bankr. M.D. Fla. 2010) and cases cited therein."

Debtors' reliance on In re George and the cases cited therein is misplaced. In the cited cases, the courts sustained objections to deficiency proofs of claims filed by creditors who previously filed secured claims. However, in the cited cases, the creditors were aware at the time they filed their initial proofs of claims that their claims were partially unsecured. In the instant case, John Deere believed its claim was fully secured, a belief reinforced by the Debtors' insistence for almost two years, that the value of the collateral exceeded John Deere's claim by $30,000.00. In addition, I note that the amount of John Deere's deficiency would have been

reduced had Debtors made the $10,000 payments required in November 2011 and 2012. I will, therefore, overrule Debtors' objection to John Deere's amended proofs of claim.

    Mr. Gray should submit an order within 14 days.

Very truly yours,

Trish M. Brown

cc:    Wayne Godare